IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v.                              Case Nos.:        1:99cr6/MW/GRJ
                                                  1:16cv217/MW/GRJ

DEMETRIUS LEE BANKS,

   Petitioner.

_____

# REPORT AND RECOMMENDATION

This case is before the court upon the Motion to Correct Sentence Under 28 U.S.C. § 2255 and a Memorandum in Support thereof filed by Petitioner Demetrius Lee Banks, who contends he is entitled to sentencing relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015).  (ECF Nos. 119, 120.)  The Government responded in opposition (ECF No. 123), and Petitioner filed a reply.  After a careful review of the record and the arguments presented, the Court concludes that Petitioner has not shown the *Johnson* decision applies to his case.  If *Johnson* were to apply, Petitioner is not an armed career criminal. However, resentencing on the

Case Nos.: 1:99cr11/MW/GRJ; 1:16cv217/MW/GRJ

single count that would be affected by *Johnson,* will not make any difference because it would not affect his total sentence.

## BACKGROUND and ANALYSIS

On February 23, 2003, a grand jury charged Petitioner with four counts of distribution of cocaine base and one count of possession with intent to distribute cocaine base (Counts 1-4, 7), possession of a firearm by a convicted felon (Count 5), using or possessing a firearm during a drug trafficking offense (Count 6), and possession of a firearm in furtherance of a drug trafficking crime (Count 8).   (ECF No. 1).   Petitioner pleaded guilty as charged on May 19, 1999 after the court denied his motion to suppress. (ECF Nos. 22-24.)

The Presentence Investigation Report ("PSR") characterized Petitioner as a "street level seller of crack cocaine."   (ECF No. 121, PSR ¶ 23.)   His offense level based on the quantity of drugs involved in the offense conduct would have been only 24.   However, Petitioner was subject to an enhanced sentence under 18 U.S.C. § 924(e), the Armed Career Criminal Act.   A defendant who has three previous convictions "for

a violent felony or a serious drug offense, or both, committed on occasions different from one another" is an armed career criminal under 18 U.S.C. § 924(e). Instead of a statutory maximum of ten years in prison, an armed career criminal faces a statutory minimum sentence of fifteen years and a maximum of life. 18 U.S.C. § 924(a)(2); 18 U.S.C. § 924(e).

Petitioner's PSR noted prior convictions for robbery, burglary (nine counts), possession of cocaine, lewd and lascivious assault on a child, and sexual battery. (ECF No. 121, PSR ¶¶ 42, 43, 45, 48, 51, 52.) The predicate offenses were not enumerated in the paragraph applying the enhancement. After a three-level adjustment for acceptance of responsibility, Petitioner's offense level was 31. (PSR ¶ 38.) Petitioner had a criminal history of VI. (PSR ¶¶ 36, 54-56.) The applicable guidelines range was 188 to 235 months with mandatory consecutive five-year and 25-year sentences for Counts 6 and 8 of the indictment. (PSR ¶ 99.) The court sentenced him to 188 months' imprisonment on Counts 1-5 and 7, to run concurrently; 60 months on Count 6 to run consecutively to the 188-month term; and 300 months' imprisonment on count 8 to run

consecutively to the other sentences.   (ECF No. 33.)   The Eleventh Circuit affirmed.   (ECF No. 49.)

Petitioner filed two previous § 2255 petitions, both of which were denied.   (ECF Nos. 53, 67-69; 92, 96-97.)

In 2016, Petitioner sought leave from the Eleventh Circuit to file a second or successive § 2255 motion to challenge the ACCA sentencing enhancement in his case.   (ECF No. 118.)   Petitioner claims that after *Johnson*, he no longer has three predicate violent felony offenses necessary to support the enhancement.

The statutory definition of a violent felony under the ACCA is an offense that either "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another *[known as the elements clause]* or (ii) is burglary, arson, or extortion, involves the use of explosives *[known as the enumerated offenses clause]* or otherwise involves conduct that presents a serious potential risk of physical injury to another *[known as the residual clause]*."   18 U.S.C. § 924(e)(2)(B)(i) and (ii).   In *Johnson*, the Supreme Court ruled that the ACCA's "residual clause" was unconstitutionally vague.   *Johnson*, 135 S. Ct. at 2563.

Thus, a prior conviction can only qualify as a "violent felony" if it falls within the elements clause or is one of the enumerated offenses. *Johnson* has spawned significant litigation from inmates hoping for sentencing relief.

The Eleventh Circuit granted Petitioner leave to proceed with a second or successive § 2255 motion. (ECF No. 118.) However, in so doing, the court noted that it is not enough for a federal prisoner to identify *Johnson* as the basis for the claim(s) he seeks to raise in the second or successive § 2255; the prisoner must also show that the claims fall within the scope of the new substantive rule announced in *Johnson*. (ECF No. 118 at 4.) The court concluded that Petitioner had made a prima facie showing that he was entitled to relief, although the record was not clear which convictions or which clause of the ACCA the district court relied upon. Notably, the Eleventh Circuit emphasized that its threshold determination of Petitioner's entitlement to proceed with the successive motion was neither dispositive nor subject to deference, and the district court remained obligated to conduct a *de novo* review to ensure that the § 2255(h) requirements are met.[1] (ECF No. 118 at 5-6.)

---

[1] Title 28 U.S.C. § 2255(h)(2) provides that a second or successive motion must be

In the instant motion, Petitioner argues that after the Supreme Court's invalidation of ACCA's residual clause, he does not have three predicate offenses to support an enhanced sentence. He argues that his seven burglary offenses are not violent felonies under *Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016), and that without consideration of these offenses, the ACCA cannot apply to him.

The Government takes the position that Petitioner's motion does not fall within the scope of the new rule announced in *Johnson*, and therefore he is not entitled to merits review of his claim. The Government argues that Petitioner cannot meet his burden of showing *Johnson* is applicable to his case because the record is silent as to which clauses and convictions were used to support the enhancement. (ECF No. 123, citing *In re Moore*, 830 F. 3d 1268 (11th Cir. 2016) and *In re Chance*, 831 F. 3d 1335 (11th Cir. 2016)).

After the parties filed their briefs in this case in which they focused on the applicable standard, the Eleventh Circuit held that a defendant moving

---

certified by a panel of the appropriate court of appeals to contain "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Case Nos.: 1:99cr11/MW/GRJ; 1:16cv217/MW/GRJ

for relief under *Johnson* must show that his sentence enhancement "turn[ed] on the validity of the residual clause." *Beeman v. United States*, 871 F. 3d 1215, 1221 (11th Cir. 2017).   That is, there is no *Johnson* violation unless the defendant would not have been sentenced as an armed career criminal absent the existence of the residual clause.   *Id.* The *Beeman* court explained the only two scenarios in which that could occur.   First, the sentencing court must have "relied solely on the residual clause, as opposed to also or solely relying on either the enumerated offenses clause or elements clause" to classify a prior conviction as a violent felony.   *Id.*   Second, there must not have been "at least three other prior convictions that could have qualified under either of those two clauses as a violent felony, or as a serious drug offense."   *Id.*   The Eleventh Circuit emphasized that it is incumbent upon the moving party to show that—more likely than not—it was use of the residual clause that led to the sentencing court's enhancement of his sentence.   *Id*. at 1222.   If it is just as likely that the sentencing court relied on the elements or enumerated offenses clause, whether solely or as an alternative basis for the enhancement, the movant has failed to meet his burden.   *Id*.   The

court rejected petitioner Beeman's argument for a rule that a *Johnson* movant has met his burden "unless the record affirmatively shows that the district court relied upon the ACCA's elements clause."  *Id.* at 1223.  The court stated "Where, as here, the evidences does not clearly explain what happened . . . the party with the burden loses."  *Id*. at 1225 (quoting *Romine v. Head*, 253 F. 3d 1349, 1357 (11th Cir. 2001)).

Due to the age of Petitioner's case, this court does not have the benefit of being able to review the sentencing transcript.   As noted above, however, the PSR identifies neither the convictions that formed the basis of the ACCA enhancement, nor the ACCA clause under which they were considered.   (ECF No. 121, PSR ¶ 35.)   Therefore, Petitioner has not conclusively shown that his sentence was imposed pursuant to the residual clause of the ACCA, and he thus is not entitled to bring a second or successive § 2255 motion.   *Beeman*, *supra*; *see also Perez v. United States*, 730 F. App'x 804, 810-811 (11th Cir. 2018) (rejecting defendant's challenge to *Beeman*, and holding that failure to show that sentence was imposed pursuant to ACCA's residual clause barred second or successive motion).

Case Nos.: 1:99cr11/MW/GRJ; 1:16cv217/MW/GRJ

For the sake of completeness, however, the court will address the merits of Petitioner's claim.   The possible predicate offenses which could have applied were Florida convictions for robbery with a deadly weapon (PSR ¶ 42), seven burglaries of a dwelling (PSR ¶ 43), and lewd and lascivious assault.   (PSR ¶ 51.)

Petitioner argues that it is important to consider the state of the existing law when he was sentenced.   *In re Adams,* 825 F. 3d 1283, 1285 (11th Cir. 2016).   This argument appears to work against him.   In 1999, when Petitioner was sentenced, burglary was routinely considered an ACCA predicate under the enumerated offenses clause, so long as the defendant's *Shepard* documents and the undisputed facts in the PSR established generic burglaries.   *United States v. Adams*, 91 F. 3d 114, 115-116 (11th Cir. 1996).   It was not until years after Petitioner's sentencing that the Eleventh Circuit determined that burglary and attempted burglary qualified as a violent felony under the residual clause. *See United States v. James*, 430 F. 3d 1150, 1157 (11th Cir. 2005) (holding that a Florida conviction for attempted burglary can qualify as a violent felony under the ACCA residual clause); *United States v. Gunn*, 369

F. 3d 1229, 1238 (11th Cir. 2004) (*per curiam*) (holding that attempted burglary qualifies as a crime of violence under the guidelines' residual clause); *United States v. Matthews*, 466 F. 3d 1271, 1275-76 (11th Cir. 2006) (holding that burglary of the curtilage of a structure qualifies as a violent felony under the residual clause); *Adams*, 825 F. 3d at 1285 ("at the time Mr. Adams was sentence [in 2009], a conviction under Florida's burglary statute was deemed an ACCA predicate under the residual clause, rather than the elements clause or the enumerated crimes clause".)   Thus, as the Government point out, at the time of Petitioner's sentencing, there was no Circuit precedent that would have precluded the court from considering Petitioner's seven residential burglary convictions as violent felonies under the elements clause.   The law, however, has changed.

The Government concedes that if the court determines that it has jurisdiction to consider Petitioner's successive motion, Petitioner would no longer be an armed career criminal.   Under *Mathis v. United States*, 136 S. Ct. 2243 (2016), Petitioner's Florida burglary convictions can no longer count as ACCA predicates under the enumerated offenses clause. Absent any qualifying burglary convictions, Petitioner would not have the

three predicate offenses necessary to support the application of the ACCA. Without the ACCA enhancement, his 188-month concurrent sentence on Count 5 would be in excess of the 10 year statutory maximum for 922(g) offenses. *See* 18 U.S.C. § 924(a)(2).

But, as the Government further point out a full resentencing proceeding would be unnecessary. Petitioner's 188-month sentence on Count 5 was imposed to run concurrently with four equal 188-month concurrent sentences on Counts 1-4. None of these sentences are affected by *Johnson*. Therefore, the court could (and the Government argues the court should) simply vacate the 188-month sentence imposed on Count 5 and impose a sentence of 120 months in its place, which would run concurrently with the still-legal 188-month sentence on Counts 1-4. This would not run afoul of the court's original intentions, and a resentencing pursuant to the sentencing package doctrine is not warranted. *See United States v. Fowler*, 749 F. 3d 1010 (11th Cir. 2014).

## CONCLUSION

Petitioner has not conclusively shown that *Johnson* had any impact on his case, and therefore, this court lacks jurisdiction to consider his second or successive § 2255 motion.

Alternatively, if the court reviews Petitioner's claim on the merits, the Petitioner is no longer an armed career criminal, but nonetheless, a full resentencing is not necessary. Rather, the court could simply vacate the sentence and term of supervised release on Count 5 and reimpose a 120 month term of imprisonment and three years of supervised release as to this count. This change would have no substantive effect on Petitioner's sentence.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of

Case Nos.: 1:99cr11/MW/GRJ; 1:16cv217/MW/GRJ

appeal must still be filed, even if the court issues a certificate of appealability.  § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right.  § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides:  "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1. Petitioner's Motion to Correct Sentence Pursuant to 28 U.S.C. § 2255, (ECF No. 119), should be **DISMISSED** as second or successive. Alternatively, even if the petition is not subject to dismissal as second or successive, and Petitioner is not subject to the ACCA, resentencing Petitioner on Count 5 to a term of 120 months imprisonment and three

Case Nos.: 1:99cr11/MW/GRJ; 1:16cv217/MW/GRJ

years of supervised release and entry of a revised judgment to change the sentence on Count 5 will have no substantive effect on the length of Petitioner's sentence

2. A certificate of appealability should be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this 12th day of February, 2019.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case Nos.: 1:99cr11/MW/GRJ; 1:16cv217/MW/GRJ