IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**UNITED STATES OF AMERICA,**

v.                                                                                    Case No. 1:99-cr-6-AW-GRJ

**DEMETRIUS LEE BANKS,**

    **Defendant.**

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING § 2255 PETITION

I have considered the magistrate judge's Report and Recommendation. ECF No. 129. No objections were filed. I have concluded that the Report and Recommendation should be adopted.

"To prove a *Johnson* claim, the movant must show that—more likely than not—it was use of the residual clause that led to the sentencing court's enhancement of his sentence." *Beeman v. United States*, 871 F.3d 1215, 1221-22 (11th Cir. 2017) (quoting *In re Thomas*, 823 F.3d 1345, 1349 (11th Cir. 2016)). Here, Banks has not shown that the district court relied on the residual clause. Neither the presentence investigation report (ECF No. 121) nor the sentencing transcript (ECF No. 41) suggests one way or the other. *Cf. Griffith v. United States*, 871 F.3d 1321, 1339 (11th Cir. 2017) ("In *Beeman*, . . ., the petitioner could not prove whether the district court had relied on the unconstitutional residual clause of the ACCA. No one knew.").

1

Banks had several burglary convictions, (*see* ECF No. 121), and he has not shown that the court did not rely on those under the elements clause. He has not shown that the law when he was sentenced would have permitted the burglary convictions to count *only* under the residual clause. *Cf. Beeman*, 871 F.3d at 1224 n.5 (noting that what matters is the state of the law at the time of sentencing: whether a defendant "was, in fact, sentenced under the residual clause only"). "If it is just as likely that the sentencing court relied on the elements or enumerated offenses clause, solely or as an alternative basis for the enhancement, then the movant has failed to show that his enhancement was due to use of the residual clause." *Id.* at 1222.

Banks has not shown that he falls within the substantive rule *Johnson* announced. His petition must be dismissed as second or successive.

The Clerk will enter a judgment that says "The § 2255 petition is dismissed." A certificate of appealability is DENIED. The First Step Act issue, which was the subject of separate briefing, remains outstanding. The Clerk will close the § 2255 file.

SO ORDERED on March 20, 2020.

                                           s/ *Allen Winsor*
                                           United States District Judge